Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5994 | DATE | 11/3/2011 |
| CASE TITLE | Steven B. Woltmann vs. Arena Football One, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Chicago Gridiron, LLC's Motion to Dismiss Count III and Count VI of Plaintiff's Third Amended Complaint [10] is granted in part and denied in part.

■ [For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendant Chicago Gridiron, LLC's ("Gridiron") Motion to Dismiss Count III (declaratory judgment) and Count VI (unjust enrichment) of Plaintiff Steven Woltmann's ("Woltmann") Third Amended Complaint. For the following reasons, the motion to dismiss is denied as to Count III and granted as to Count VI.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957)). In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009).

Woltmann brings copyright infringement, declaratory judgment, and unjust enrichment claims against Gridiron. The Court accepts the following facts from the Third Amended Complaint as true. Woltmann was the exclusive photographer for the Chicago Rush (the "Rush"), a professional football team in the Arena Football League. In March 2007, Woltmann and the Rush executed a contract (the "Rush Contract") providing that all ownership rights in Woltmann's images would revert back to Woltmann if, among other things, the Rush filed for bankruptcy or ceased operations. The Rush subsequently ceased operations and the rights to the images reverted back to Woltmann.

In or about December 2009, the Arena Football League bequeathed certain intellectual property, including trademarks and trade names of the former Rush team, to Gridiron. After purchasing the Rush's assets, Gridiron has repeatedly used Woltmann's images without his authorization. Gridiron's use of Woltmann's images continued through the filing of the Third Amended Complaint.

## STATEMENT

    Gridiron now moves to dismiss the declaratory judgment and unjust enrichment claims. Woltmann concedes that the unjust enrichment claim is preempted by the Copyright Act, 17 USC § 301(a), and withdraws the claim. Therefore, Count VI is dismissed, leaving only the declaratory judgment claim at issue.

    The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "By its terms, the Declaratory Judgment Act gives the district court the discretion to declare the rights of the litigants, 28 U.S.C. § 2201(a); it explicitly says that upon a proper application, the district court 'may' declare the party's rights." Med. Assurance Co. v. Hellman, 610 F.3d 371, 378 (7th Cir. 2010); see also Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

    Woltmann seeks a declaratory judgment "setting out the rights and duties, if any, of each party pursuant to the Rush contract and as a matter of law." Third Am. Compl. ¶ 57. Woltmann alleges that Gridiron's purchase of the Rush "did not confer upon Gridiron any rights to Woltmann's photographs or the use thereof, under contract law or any other theory." Id. ¶ 44. For this reason, Woltmann maintains that an "actual justiciable controversy exists . . . concerning Woltmann's current and future right to control the photographs." Id. ¶ 56.

    Gridiron argues that the declaratory judgment claim should be dismissed because Gridiron is not a party to the Rush Contract. Woltmann – arguing that Gridiron misunderstands his claim – agrees that the Third Amended Complaint does not allege that Gridiron breached, let alone was a party to, the Rush Contract. Instead, Woltmann argues that, "[w]hile Gridiron's *past* use of his images constitutes copyright infringement (which is covered in Count I), the point of the Declaratory Judgment claim (Count III) is to seek a declaration concerning the parties' rights and obligations *going forward* . . . . Put simply, Woltmann seeks a declaration that any *future* use of [his] images would constitute copyright infringement." Pl.'s Resp. to Def's Mot. to Dismiss 1-2 (emphasis in original).

    Accepting all well-pleaded facts as true, and drawing all reasonable inferences in favor of Woltmann, the Court finds that the declaratory judgment claim shall move forward. As Woltmann notes, the Third Amended Complaint alleges that Gridiron's use of his images "constitutes copyright infringement *precisely because* Gridiron has no basis – contractual or otherwise – to use the images." Id. at 1 (emphasis in original). Whether Gridiron was a party to the Rush Contract – the central ground for dismissal as set forth by Gridiron – is not dispositive at this stage. As the case moves forward, the Court, upon a proper motion, may revisit whether the declaratory judgment claim is appropriate in this case.

    For the foregoing reasons, Gridiron's motion to dismiss Count III is denied. Count VI is dismissed by agreement of the parties.

    IT IS SO ORDERED.