Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5994 | DATE | 1/20/2012 |
| CASE TITLE | Woltmann vs. Chicago Gridiron, LLC | | |

**DOCKET ENTRY TEXT**

Defendant Chicago Gridiron's Motion for Partial Summary Judgment [55] is granted.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

    Before the Court is Defendant Chicago Gridiron LLC's ("Gridiron") Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, Gridiron's motion is granted.

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the record and draws all reasonable inferences in the light most favorable to the nonmoving party. Zerante v. DeLuca, 555 F.3d 582, 584 (7th Cir. 2009). The movant will prevail where the record as a whole demonstrates that "a rational trier of fact could not find for the non-moving party." Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

    Plaintiff Steven B. Woltmann ("Woltmann") brings an action for copyright infringement and declaratory judgment arising from Gridiron's reproduction and use of nine of his photographs on its website. A stipulation of Gridiron's liability for copyright infringement was entered by the parties and filed with the Court on January 11, 2012.

    Gridiron, on the eve of trial, moves the Court to determine, as a mater of law, that Woltmann is not entitled to punitive damages, statutory damages (including damages for willful infringement), or attorney's fees pursuant to 17 U.S.C. §§ 504-505. In response, Woltmann concedes that he seeks neither punitive damages nor statutory damages under § 504. The sole issue that Woltmann disputes is attorney's fees under § 505.

    Woltmann argues that Gridiron's attempt to bar recovery of attorney's fees pursuant to § 505 is premature because there is not yet a "prevailing party" in this case. Woltmann is wrong.

    There are two requirements that must be met before attorney's fees may be awarded to Woltmann under § 505 of the Copyright Act. The first requirement, which Woltmann references, is that the he must be the "prevailing party" as stated in § 505. The second requirement, which Woltmann ignores, is that the copyright

## STATEMENT

in question must be timely registered as specified in 17 U.S.C. § 412. Section 412 provides in relevant part:
> In any action under this title ... no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for-
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Woltmann does not contest his failure to comply with the registration requirements in § 412. Accordingly, Woltmann is not entitled to attorney's fees pursuant to § 505. See, e.g., Budget Cinema, Inc. v. Watertower Assoc., 81 F.3d 729, 733 (7th Cir. 1996) ("Budget was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of Budget's copyright registration. The Copyright Act does not permit the recovery of statutory damages and attorney's fees in such situations." (citing 17 U.S.C. § 412)); Cassetica Software, Inc. v. Computer Scis. Corp., No. 09 C 0003, 2009 WL 1703015, at *1-2 (N.D. Ill. June 18, 2009) ("A plaintiff may not recover statutory damages or attorney's fees when the alleged infringement commenced before the effective date of the copyright registration." (citing 17 U.S.C. § 412)).

The Court notes that Woltmann has filed a separate motion for sanctions, including attorney's fees, based on Gridiron's "near-total refusal to participate in the discovery process." Pl.'s Mot. for Sanctions 1. Gridiron has responded to the motion. Woltmann's motion for sanctions remains under advisement. Clearly it is a matter for the Court, not the jury, to decide. Woltmann has also filed two motions *in limine* based on the same alleged discovery violations. These motions also remain under advisement. This Order is limited exclusively to Woltmann's claims under the Copyright Act.

For the foregoing reasons, Gridiron's motion for partial summary judgment is granted. Woltmann's motion for sanctions and two motions *in limine* remain under advisement. This case is set for jury trial on January 24, 2012, at 10:00 a.m.

IT IS SO ORDERED.