# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5994 | **DATE** | 4/11/2012 |
| **CASE TITLE** | Woltmann vs. Chicago Gridiron, LLC | | |

## DOCKET ENTRY TEXT

Defendant's Motion for Costs and Reasonable Attorney's Fees [76] is granted in part and denied in part. Defendant is entitled to reasonable costs incurred after October 25, 2011, and nothing more. If Gridiron has not yet paid the $3,700 judgment in favor of Woltmann, Woltmann's liability for costs shall be applied against the judgment.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

   Before the Court is Defendant Chicago Gridiron, LLC's ("Gridiron") motion for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 68 or, in the alternative, Section 505 of the Copyright Act, 17 U.S.C. § 505. Gridiron also moves for sanctions "against Plaintiff and/or his attorneys" pursuant to 28 U.S.C. § 1927. For the following reasons, Gridiron is entitled to costs pursuant to Rule 68, and nothing more.
   Rule 68 "requires the plaintiff to pay any costs the defendant incurs after making the offer [of judgment] if the plaintiff's judgment is less favorable than the offer." Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc., 265 F.3d 638, 645-47 (7th Cir. 2001) (citing Gavoni v. Dobbs House, Inc., 164 F.3d 1071, 1075 (7th Cir. 1999)). Gridiron served Plaintiff Steven B. Woltmann ("Woltmann") with a $5,000 offer of judgment on October 25, 2011, which Woltmann rejected. On January 25, 2012, the Court entered judgment in favor of Woltmann following a jury verdict awarding him $3,700 in damages. Because Woltmann's judgment is less favorable than Gridiron's offer, Woltmann must pay the costs Gridiron incurred after October 25, 2011. If Gridiron has not yet paid the $3,700 judgment, Woltmann's liability for costs shall not be due separately but instead shall be applied against the judgment.
   Gridiron is not entitled to attorney's fees under 17 U.S.C. § 505. Section 505 limits recovery of attorney's fees to the "prevailing party." Gridiron is not the prevailing party. To the contrary, Gridiron stipulated to infringing on nine of Woltmann's copyrights and a jury entered a $3,700 verdict in favor of Woltmann on damages. Nevertheless, Gridiron contends that it is the prevailing party because Woltmann's $3,700 judgment was less favorable than the $5,000 offer of judgment. Gridiron is incorrect. "[The Seventh Circuit] has unequivocally held that defendants who make more generous Rule 68 offers than the winning plaintiff wins from a jury are *not* 'prevailing parties.'" Payne v. Milwaukee Cnty., 288 F.3d 1021, 1027 (7th Cir. 2002) (citing Poteete v. Capital Eng'g, Inc., 185 F.3d 804 (7th Cir. 1999)); see also Harbor Motor Co., 265 F.3d at 646-47. Because Gridiron is not the prevailing party, it is not entitled to attorney's fees under § 505.
   Neither is Gridiron entitled to attorney's fees pursuant to Rule 68. "Although Rule 68 by its terms only applies to costs, the Supreme Court has held that attorney's fees are included within the definition of 'costs' for purposes of

Rule 68 when the underlying statute includes attorney's fees in its definition of costs." Harbor Motor Co., 265 F.3d at 645 (citing Marek v. Chesny, 473 U.S. 1, 9 (1985)). As set forth above, § 505 "defines costs to include attorney's fees, but only the prevailing party is entitled to their award." Id. at 645-46. "[A] non-prevailing party cannot, under the Copyright Act, receive post-offer attorney's fees pursuant to Rule 68." Id. at 647. This is dispositive of Gridiron's attempt to recover attorney's fees.

Gridiron, aware of the Seventh Circuit's clear and binding authority on this issue, nevertheless "asks this Court to follow the 11th Circuit's decision in Jordan rather than the Seventh Circuit's decision in Harbor Motor." Def.'s Mem. in Supp. of Mot. for Costs & Attorney's Fees 11. Jordan v. Time, Inc., 111 F.3d 102 (11th Cir. 1997), has been criticized by many courts, including by the Seventh Circuit. See Harbor Motor Co., 265 F.3d at 647 ("[Jordan] does not, in our view, adequately address the Copyright Act's mandate that only the prevailing party is permitted to recover its attorney's fees."). Gridiron's bold request that this Court ignore binding precedent in favor of expressly rejected persuasive authority is entirely without merit. Gridiron may not recover attorney's fees in this case.

Finally, Gridiron is not entitled to § 1927 sanctions. "Sanctions may only be awarded under 28 U.S.C. § 1927 against an individual who has demonstrated subjective or objective bad faith." Moriarty v. Svec, 429 F.3d 710, 722 (7th Cir. 2005) (quotation omitted). Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably *and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added).

While Gridiron argues that Woltmann's counsel's conduct was unreasonable, Gridiron ignores that it must also be vexatious under § 1927. Indeed, Gridiron attempts to write the word "vexatious" out of the statute by way of an ellipsis. See Def.'s Mem in Supp. of Mot. for Costs & Attorney's Fees 11-12 ("Section 1927 provides that 'any attorney . . . who so multiples the proceedings in any case unreasonably . . . may be required by the court . . . .'") (emphasis added) (third ellipsis added). This omission is significant, as § 1927 "explicitly requires that counsel act unreasonably *and* vexatiously before sanctions are warranted. We can, therefore, assume that Congress intended vexatiously to mean something other than unreasonably. In fact . . . our past decisions have interpreted vexatious to mean either subjective or objective bad faith." Kotsilieris v. Chalmers, 966 F.2d 1181, 1184 (7th Cir. 1992) (emphasis in original); see also Lewis v. Trans Union LLC, No. 04 C 6550, 2006 WL 2861059, at *1 (N.D. Ill. Sept. 29, 2006) ("In order to warrant sanctions the offending attorney's conduct must be both unreasonable and vexatious, which do not mean the same thing.").

Even if Gridiron were to argue the correct law, it fails to establish that the conduct in this case was vexatious or in bad faith. Gridiron first claims that Woltmann's counsel multiplied the proceedings by filing three motions for sanctions, which remain pending. There is no indication that the motions were filed with vexatious intent, and even if the motions were meritless, they would not cross the line into the realm of sanctionable conduct. See, e.g., Cerutti v. BASF Corp., 349 F.3d 1055, 1067-68 (7th Cir. 2003); Shanklin Corp. v. Am. Packaging Mach., Inc., No. 06 C 1617, 2006 WL 752960, at *3 (N.D. Ill. Mar. 21, 2006).

Girdiron next argues that Woltmann's counsel acted unreasonably by including punitive damages and attorney's fees in its settlement position despite Seventh Circuit precedent holding that they are not available. Once again, Gridiron fails to establish that Woltmann's counsel multiplied the proceedings vexatiously. Also, as Woltmann's counsel notes, Gridiron's position is inconsistent given its argument (discussed above) that the Court should disregard clear Seventh Circuit precedent on the Rule 68 issue. No action by Woltmann's counsel is so egregious as to warrant sanctions in this case. As for Gridiron's attempt to obtain § 1927 sanctions against Woltmann individually, that request is without merit. See Lewis, 2006 WL 2861059, at *1 n.1 ("Obviously, since Plaintiff is not an attorney she cannot be sanctioned under 28 U.S.C. § 1927.").

For the foregoing reasons, Gridiron is entitled to reasonable costs incurred after October 25, 2011, and nothing more. If Gridiron has not yet paid the $3,700 judgment, Woltmann's liability for costs, when ultimately determined, shall be applied against the judgment.

IT IS SO ORDERED.