# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5994 | DATE | 5/3/2012 |
| CASE TITLE | Woltmann vs. Chicago Gridiron, LLC | | |

## DOCKET ENTRY TEXT

Plaintiff's Motion for Sanctions [65] is denied. Plaintiff's Motion to Compel Discovery Responses and for Sanctions [40] is denied.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Plaintiff Steven Woltmann's ("Woltmann") Motion for Sanctions. For the following reasons, the motion is denied.

Woltmann filed his initial Motion to Compel Discovery Responses and for Sanctions on November 23, 2011. The Court held a motion hearing on December 2, 2011, and subsequently entered an order referring the case, including the motion to compel, to Magistrate Judge Ashman. On December 16, 2011, Woltmann filed an updated Motion to Compel Depositions and Discovery Responses and for Sanctions. The updated motion to compel was a "re-iteration" of the original November 23 motion, but added some additional matters. Woltmann's Mot. to Compel Depositions & Discovery Responses & for Sanctions 1, n.1. On January 10, 2012, Judge Ashman held a hearing on Woltmann's updated motion to compel and denied the motion. See Minute Order, Jan. 10, 2012 [52] ("Motion hearing held. . . . Motion to compel depositions and discovery responses and for sanctions [48] is denied without prejudice."). Woltmann did not file an objection to Judge Ashman's ruling. On January 25, 2012, the Court entered judgment in favor of Woltmann following a jury verdict awarding him $3,700 in damages.

Woltmann filed the instant motion for sanctions on January 19, 2012, wherein he requests an award of attorney's fees and costs based on the same discovery violations alleged in his previous motions to compel. Defendant Chicago Gridiron ("Gridiron") argues that the instant motion for sanctions was decided and rejected by Judge Ashman's January 10 Order. Woltmann contends, however, that Judge Ashman denied the motion to compel "based purely on the close proximity to trial," Pl.'s Mot. for Sanctions 2, and that the motions have never been "decided on the merits," id. 1. Gridiron disagrees, stating that "Judge Ashman also noted Plaintiff's representation that Plaintiff was ready for trial and had sufficient documents to prove its case." Def.'s Resp. to Pl.'s Mot. for Sanctions 1. According to Gridiron, "[t]hat representation to the Court alone should render this present Motion moot." Id. Neither party has attached a transcript of the January 10 hearing.

| STATEMENT |
|---|

"Where a magistrate judge has decided a nondispositive pretrial matter, such as a discovery motion, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" Sommerfield v. City of Chi., No. 06 C 3132, 2010 WL 780390, at *2 (N.D. Ill. Mar. 3, 2010) (quoting Fed. R. Civ. P. 72(a)). A party may serve and file objections to a magistrate judge's order within 14 days after being served with a copy, and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P 72(a). The Advisory Committee Notes clarify that, while Rule 72(a) calls for a written order, an "oral order read into the record by the magistrate will satisfy this requirement." Fed. R. Civ. P. 72 advisory committee's note. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

The Court referred this case, along with Woltmann's initial motion to compel, to Judge Ashman. Following briefing and a hearing, Judge Ashman denied Woltmann's motion to compel. This denial also wiped out Woltmann's original November 23 motion to compel. Woltmann's current motion for sanctions is based on the same alleged discovery abuses that were before Judge Ashman. Woltmann contends that Judge Ashman did not decide this motion on the merits, but attaches no transcript or other support, and Gridiron disputes the contention. The record states only that Judge Ashman held a hearing and denied the motion. Woltmann never filed an objection to Judge Ashman's ruling and does not contend that it was reached in error. There is simply not enough here for the Court to award sanctions based on alleged discovery violations that were previously considered and rejected by Judge Ashman. Woltmann's motion for sanctions is therefore denied.

IT IS SO ORDERED.

2012 MAY -3 PM 4:41
U.S. DISTRICT COURT